UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:

MICHELE PERRETTA & ANNA M. PERRETTA,  Chapter 11
  Debtors            Case No. 04-12168

**MOTION TO CONVERT
DEBTORS' CHAPTER 11 CASE TO CHAPTER 7
PROPOUNDED BY THE UNITED STATES TRUSTEE**

NOW COMES the United States Trustee, pursuant to 28 U.S.C. §586(a)(3), 11 U.S.C. §§307 and 1112(b) and Fed. R. Bankr. P. 1017, who respectfully moves for this Court to issue an order converting the Chapter 11 case of Michele & Anna Perretta ( the "Debtors") to a case under Chapter 7 of the Bankruptcy Code.  In support thereof, the United States Trustee avers as follows:

1. The Debtors filed a voluntary Chapter 11 petition on July 2, 2004.

2. The Debtors' estate generally consists of a residence located at 380 Pippin Orchard Road, in Cranston, Rhode Island (valued by the Debtors at $625,000); and 100% interest in M&M Iron, Inc., and M&M Iron Works & Doors, Inc., both are corporations organized and existing in Rhode Island.

3. The Debtors' Schedules reveal $632,800 in total assets (primarily their residence) and $1,197,324.73 in total liabilities.

4. In response to queries regarding the funding of a chapter 11 plan, the Debtors have represented that M&M Iron, Inc., has 5 outstanding construction projects in progress, reportedly valued at approximately $580,000.

5. The Debtors have failed to respond to repeated requests for copies of construction contracts to support their representations regarding these ongoing projects.

6. The Debtors have not filed monthly operating reports for the months of July and August, hence it is unknown what their monthly expenses and income are.

7. A debtor in possession assumes the rights and powers of a trustee pursuant to 11 U.S.C. §§323(a)[1] and 1107(a)[2] and, therefore, is a fiduciary of "the estate and its constituents," including creditors. *In re DN Associates*, 144 B.R. 195, 198 199 (Bankr. D. Me. 1992), *aff'd*, 3 F.3d 512, 514 - 515 (1st Cir. 1993); *see, Commodity Futures Trading Com'n v. Weintraub*, 473 U.S. 343, 354 (1985); *Rome v. Braunstein*, 19 F.3d 54, 58 (1st Cir. 1994).

8. The Debtors' failure to file monthly operating reports with the United States Trustee is a breach of the responsibilities imposed upon them pursuant to 11 U.S.C. §§ 704(8) and 1107. Accordingly, this breach is in and of itself grounds for conversion under §1112(b)(3) for an unreasonable delay that is prejudicial to creditors.

9. The Court can also convert a case under §1112(b)(1) when the facts reveal both a continuing loss or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. *In re Gothic Realty Trust*, 909 F.2d 624, 627 (1st Cir. 1990).

10. In the case *sub judice*, the Debtors have not filed operating reports, nor produced any evidence that they have sufficient income from construction contracts or other means to fund a feasible chapter 11 plan.

11. The Debtors are continuing to incur expenses, and accordingly their estate continues to suffer from diminution. Likewise, there is no evidence that the Debtors have a reasonable likelihood of rehabilitation. Sans more information, conversion to a chapter 7 is thus appropriate under §1112(b)(1).

12. WHEREFORE, the United States Trustee prays that the Court enter an order converting the Debtor's Chapter 11 case to Chapter 7; and granting such other relief which it deems meet and just.

---

[1] Section 323(a) provides:

The trustee in a case under this title is the representative of the estate.

[2] Section 1107(a) provides:

a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and the powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter . . .

October 4, 2004

             Respectfully submitted,

             PHOEBE MORSE
             United States Trustee


      By:  **/s/ *Leonard J. De Pasquale***
           Leonard J. De Pasquale
           Assistant U.S. Trustee
           U.S. Department of Justice
           10 Dorrance Street, Room 910
           Providence, RI 02903
           Tel:(401) 528-5551
           Fax:(401) 528-5163


### CERTIFICATION OF SERVICE

  I hereby certify that on October 4, 2004 I electronically filed the attached Motion to Convert in the above captioned matter with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Edward G. Lawson at lawson@cox.net
Matthew J. McGowan at mmcgowan@smsllaw.com
Marc D. Wallick at wallicklaw@aol.com

  The above motion has been served on the following individuals via First Class U.S. Mail, postage prepaid:

Maria J. Goncalves
Adler Pollock & Sheehan
2300 Financial Plaza
Providence, RI 02903
(401) 274-7200

Robert N. Huseby, Sr.
Tillinghast Licht Perkins et al
Ten Weybosset Street
Providence, RI 02903

J. Russell Jackson
Jackson Law LTD
26 Valley Road Suite 203
Middletown, RI 02842


Lawrence P. McCarthy, III
123 Dyer Street
Providence, RI 02903


*/s/ Leonard J. De Pasquale*